ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DORCA VILLEGAS MELÉNDEZ<br><br>Apelante<br><br>v.<br><br>OPTIMA SEGUROS, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelada | **KLAN202400637** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Aibonito<br><br>Civil Núm. AI2022CV00214<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 7 de noviembre de 2024.

Comparece ante este foro, la Sra. Dorca Villegas Meléndez (Sra. Villegas o "apelante") mediante recurso de apelación presentado el 3 de julio de 2024. Solicita que se revise la *Sentencia Parcial* emitida el 4 de junio de 2024 y notificada el 5 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Mediante el referido dictamen, el foro primario reconsideró la *Resolución* emitida el 18 de abril de 2024 y desestimó la demanda en contra del Estado Libre Asociado de Puerto Rico (ELA).

Por los fundamentos que expondremos a continuación, **REVOCAMOS** el dictamen recurrido.

### I.

El 24 de junio de 2022, la Sra. Villegas presentó una *Demanda* sobre daños y perjuicios contra Optima Seguros (Optima), aseguradora del Municipio de Comerio (Municipio) para la fecha de los hechos, y los demás

codemandados del epígrafe.[1] En su demanda, alegó que caminaba, en horas de la noche, por la acera del sector la Plata, Calle 2 de la Carretera 740 cuando se tropezó con una acera rota y desnivelada. Indicó que esta caída le causó lesiones corporales en distintas partes del cuerpo.

La apelante alegó que la caída fue causada exclusivamente por la negligencia del Municipio al no mantener las aceras bajo su dominio en condiciones seguras. Por lo cual, Optima, como aseguradora del Municipio, responde por los daños causado por las condiciones de las aceras.

El 15 de septiembre de 2022, Optima presentó su *Contestación a Demanda*.[2] La aseguradora negó en gran parte las alegaciones de la apelante y levantó sus defensas afirmativas.

El 6 de diciembre de 2023, la Sra. Villegas presentó una *Moción solicitando autorización para presentar Demandada Enmendada*.[3] Alegó que, el 18 de septiembre de 2023, Optima le notificó por correo electrónico una certificación suscrita por el Ing. Pérez Colón. Indicó que dicha certificación establecía que la acera ubicada en la PR-740 le pertenecía al gobierno estatal. Alegó que en ese momento fue cuando conoció quien le causó el daño, por lo que solicitó al foro primario autorización para presentar su demanda enmendada para incluir al ELA.

En esa misma fecha, la apelante presentó la *Demanda Enmendada*.[4] En síntesis, reitero lo presentado en la

---

[1] Véase recurso de Apelación, págs. 7-10.
[2] Véase recurso de Apelación, págs. 13-15.
[3] Véase recurso de Apelación, págs. 20-21.
[4] Véase recurso de Apelación, págs. 22-25.

*Demanda* del 24 de junio de 2022 y añadió al ELA como codemandado.

Por su parte, Optima presentó una *Moción de Sentencia Sumaria Parcial* el 6 de diciembre de 2023.[5] Alegó que el Municipio tenía inmunidad en los casos como el de epígrafe. Asimismo, indicó que la acera que ocasionó el alegado daño le pertenecía al gobierno estatal. Por lo cual, no existe una causa contra el Municipio y solicitó que se dictara sentencia sumaria parcial.

El 7 de diciembre de 2023, la Sra. Villegas presentó su *Oposición a Moción de Desestimación*.[6] Alegó que la certificación presentada no es prueba suficiente para liberar a la aseguradora de responsabilidad en esa etapa de los procedimientos. Solicitó al foro que esperara por la comparecencia del ELA para establecer quien tenía el dominio de la acera.

En ese mismo día, el tribunal primario emitió una *Resolución,*[7] en la cual se reservó la determinación sobre la sentencia sumaria hasta que el ELA compareciera y/o se demostrara quien tenía la jurisdicción y mantenimiento de la acera donde ocurrió la alegada caída.

El 15 de marzo de 2024, el ELA presentó su *Moción de Desestimación*.[8] En síntesis, el gobierno alegó que la causa de acción estaba prescrita por no haber sido incluido en la demanda original junto al Municipio. A su vez, arguyó que la apelante incumplió con el requisito

---

[5] Véase recurso de Apelación, págs. 26-29.
[6] Véase recurso de Apelación, págs. 30-32.
[7] Véase recurso de Apelación, pág. 33.
[8] Véase recurso de Apelación, págs. 34-45.

de notificar al Estado de una reclamación en su contra dentro del término establecido por ley.

El 6 de abril de 2024, la Sra. Villegas presentó su *Oposición a Moción de Desestimación por Prescripción al Honorable Tribunal*.[9] Alegó que, el 18 de septiembre de 2023, durante el descubrimiento de prueba, advino en conocimiento de que la acera ubicada en la PR-740 le pertenecía al gobierno estatal. Por consiguiente, enmendó su demanda para incluir al ELA y notificó su reclamo dentro de los 90 días. Añadió que, según la teoría cognoscitiva del daño, el término prescriptivo comenzó a transcurrir desde que conoció al causante del daño. Igualmente, desde ese momento empezó el término para notificar el reclamo en contra del gobierno conforme a lo dispuesto en ley.

El 22 de abril de 2024, el foro primario emitió una *Resolución*, en la cual declaró **NO HA LUGAR** a la *Moción de Desestimación* presentada por el ELA.[10]

El 7 de mayo de 2024, el ELA presentó una *Moción de Reconsideración*.[11] Alegó que no se podía aplicar la teoría cognoscitiva del daño de modo tan rígido. Expuso que nada impedía a la apelante acumular al ELA cuando presentó la reclamación por primera vez. Además, que cuando ocurre un daño en una acera pública por lo general le pertenece al Municipio o al gobierno estatal. Indicó que la apelante no notificó al estado dentro del término dispuesto por ley y que la acción estaba prescrita.

El 4 de junio de 2024, el Tribunal de Primera Instancia emitió una *Sentencia Parcial*, notificada el 5

---

[9] Véase recurso de Apelación, págs. 46-58.
[10] Véase recurso de Apelación, págs. 59-73.
[11] Véase recurso de Apelación, págs. 74-77.

de junio de 2024.[12] En dicho dictamen, el foro primario reconsideró su *Resolución* emitida el 18 de abril de 2024 y desestimó la demanda a favor del ELA.

Inconforme, la apelante acude ante este foro mediante el recurso que nos ocupa e hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al desestimar la demanda presentada en contra del Estado Libre Asociado de Puerto Rico por prescripción y falta de notificación de posible demanda al Estado Libre Asociado de Puerto Rico.

> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al rechazar la teoría de cognoscitiva del daño.

Con el beneficio de los escritos de las partes, procedemos a resolver.

**II.**

**-A-**

Nuestro ordenamiento jurídico reconoce el derecho que tiene todo individuo para reclamar cualquier daño o perjuicio sufrido a raíz de la consecución de actos culposos o negligentes de un tercero. En lo pertinente, el Artículo 1536 del Código Civil de Puerto Rico de 2020, establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". 31 LPRA sec. 10801.

A su vez, el Tribunal Supremo ha resuelto que una parte demandante que inste una reclamación por daños y perjuicios bajo el Artículo 1802 del Código Civil derogado del 1930, equivalente al Artículo 1536 del Código Civil, *supra*, debe establecer: "(1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión,

---

[12] Véase recurso de Apelación, págs. 1-6.

el cual tiene que ser culposo o negligente". *Sucn. Mena Pamias et al. v. Meléndez et al.*, 212 DPR 758, 768 (2023).

Por otra parte, el Artículo 1204(a) del Código Civil, *supra*, dispone que prescriben: (a) por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó". 31 LPRA sec. 9496. El propósito del término prescriptivo es fomentar la rapidez de las reclamaciones y castigar la dejadez. *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

Es meritorio señalar que el Artículo 1204(a) del Código Civil, *supra*, es cónsono con la teoría de cognoscitiva del daño, destacada por la jurisprudencia. Según la teoría cognoscitiva del daño, el término prescriptivo empieza transcurrir cuando el perjudicado "conoció —o debió conocer— que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción". *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 194 (2016). A estos efectos, el máximo foro reconoce un elemento subjetivo que está relacionado con la diligencia del perjudicado para determinar en qué momento empieza a transcurrir el término prescriptivo. *Fraguada v. Hosp. Aux. Mutuo*, 186 DPR 365, 390 (2012); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

-B-

La doctrina de inmunidad soberana impide que el ELA sea demandado sin otorgar su consentimiento. *Defendini Collazo et al. v. ELA*, 134 DPR 28, 40 (1993). Mediante la Ley Núm. 104 de 29 de junio de 1955, según enmendada,

conocida como la "Ley de Reclamaciones y Demandas contra el Estado", el gobierno renunció condicionalmente esta inmunidad. 32 LPRA sec. 3077 *et seq.*

En dicho estatuto, el ELA permitió reclamaciones por daños y perjuicios en su contra bajo las "condiciones y salvaguardas procesales expresamente dispuestas en la misma". *ELA v. El Ojo de Agua Development*, 205 DPR 502, 516 (2020). Por otra parte, la referida ley enumeró las situaciones que no se autoriza acciones en contra del gobierno estatal. Art. 6 de la Ley 104, 32 LPRA sec. 3081.

En lo pertinente, el Artículo 2-A de dicha ley dispone que toda persona que tenga una reclamación en contra del ELA deberá presentar al Secretario de Justicia una notificación por escrito "dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama". 32 LPRA sec. 3077a. El inciso (e) aclara que no podrá iniciarse ninguna acción judicial en contra del ELA sin antes cumplir con el referido requisito de notificación:

> e. No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro. *Íd*.

El Tribunal Supremo de Puerto Rico ha expresado que la notificación al Estado dentro de los 90 días es un requisito de cumplimiento estricto, y no de carácter jurisdiccional. *Berríos Román v. ELA*, 171 DPR 549, 560 (2007). A su vez, ha indicado que solo se ha excusado

de su cumplimiento cuando, de lo contrario, se condonaría una gran injusticia. *Íd.* Igualmente, el máximo foro ha eximido del requisito de notificación que exige la Ley de Reclamaciones y Demandas contra el Estado "cuando el riesgo de que desaparezca la prueba objetiva es mínimo, y el Estado puede investigar y corroborar los hechos con facilidad". *Rosario Mercado v. ELA,* 189 DPR 561, 567 (2013).

## III.

Mediante el recurso que nos ocupa, la Sra. Villegas hizo dos señalamientos de error. Por estar estrechamente relacionados ambos errores se discutirán los mismos en conjunto.

La apelante argumenta que el Tribunal de Primera Instancia erró al rechazar la teoría cognoscitiva del daño y, por consiguiente, desestimó la demanda en contra del ELA por prescripción y falta de notificación adecuada de posible demanda contra el gobierno. Le asiste la razón.

La Sra. Villegas alegó que se tropezó en la acera de la Calle 2 y de la Carretera 740 del sector la Plata el 12 de junio de 2022. Ante esto, el 24 de junio de 2022, insto una demanda contra Optima e indicó en su sexta (6) alegación que la acera estaba bajo "el control, jurisdicción, supervisión y mantenimiento" del Municipio.

El 15 de septiembre de 2022, Optima contestó la demanda y negó la sexta (6) alegación por "falta de información y creencia, por razón de no haberse completado la investigación y el descubrimiento de prueba". No fue hasta el 18 de septiembre de 2023, un (1) año después de su contestación y durante el

descubrimiento de prueba, que la aseguradora por primera vez le envía una certificación a la apelante en la que indicó que la acera ubicada en la PR-740 frente al Estadio Carlos Bonet le pertenece al gobierno estatal.

Desde ese momento es que la Sra. Villegas conoce todos los elementos necesarios para ejercitar su acción contra el ELA, cónsono con la teoría cognoscitiva del daño. Mencionado esto, el término para notificar al Secretario de Justicia y el periodo prescriptivo de la acción contra el ELA comenzó desde el 18 de septiembre de 2023. Según el expediente, la Sra. Villegas notificó al Secretario de Justicia el 6 de diciembre de 2023, dentro de los noventa (90) días requeridos por ley. A su vez, en esta misma fecha, la apelante enmendó su demanda para incluir al ELA dentro del término prescriptivo. Por ello, erró el foro primario al desestimar la acción en contra del ELA.

El ELA presentó un mocion para desestimar, pero la acompañó con documentos. Por ello debemos evaluar la misma como una moción de sentencia sumaria. Es evidente que hay controversias de hechos sobre quien es responsable del control y mantenimiento del lugar exacto de la caída, controversia que deberá dilucidar en sus méritos el tribunal de primera instancia. Pero ciertamente, no hay controversia de que la notificación al ELA y la presentación de la demanda se hizo dentro del término prescriptivo, una vez se supo la posible responsabilidad del ELA. Por todo lo anterior, procede revocar el dictamen revisado.

**IV.**

Por los fundamentos anteriormente expuestos, **REVOCAMOS** el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones